**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| TONY VON CARRUTHERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:08-cv-02425-TLP-cgc |
| v. | ) | |
| | ) | |
| KENNETH NELSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING EMERGENCY STAY OF EXECUTION**

Petitioner moves a second time to stay his execution.  (ECF No. 243.)  He states that the Tennessee Department of Correction ("TDOC") has been unable to obtain intravenous access to administer the lethal injection to Petitioner.  (*Id.*)  According to Petitioner, the 2025 Tennessee Execution Protocol charges the administering physician to establish a central line in the event they are unable to secure peripheral venous access.  (*Id.*)  "Upon information and belief," Petitioner asserts that TDOC's administering physician is not qualified to establish a central line.  (*Id.*)  Petitioner alleges that "continuous attempts to obtain venous access constitute cruel and unusual punishment" in violation of the Eighth Amendment and the Tennessee Constitution.

To receive a stay of execution, Petitioner must demonstrate a likelihood of success on the merits.  *See Bedford v. Bobby*, 645 F.3d 372, 375 (6th Cir. 2011) (quoting *Workman v. Bell*, 484 F.3d 837, 839 (6th Cir. 2007)).  Petitioner has not met his burden a proof because his information and belief and conclusory statements do not show a likelihood of success on the merits.  The therefore Court **DENIES** Petitioner's Emergency Motion for a Stay of Execution.

**SO ORDERED**, this 21st day of May, 2026.

       s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE