**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

<table>
<tr><td>Kelly L. Stephens<br>Clerk</td><td>100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988</td><td>Tel. (513) 564-7000<br>www.ca6.uscourts.gov</td></tr>
</table>

Filed: May 21, 2026

Mr. John H. Bledsoe
Ms. Sarah J. Stone
Office of the Attorney General
500 Dr. Martin L. King Jr. Boulevard
Nashville, TN 37243

Ms. Amy D. Harwell
Office of the Federal Public Defender
for the Middle District of Tennessee
164 Rosa L. Parks Boulevard
Nashville, TN 37203

    Re:  Case No. 26-5458
       *Tony Carruthers v. Kenneth Nelsen*
       Originating Case No. 2:08-cv-02425

Dear Counsel:

    The Court issued the enclosed Order today in this case.

                        Sincerely yours,

                        s/Patricia Elder

                        Senior Case Administrator
                        Direct Dial No. 513-564-7034

cc: Ms. Wendy R. Oliver

Enclosure

No. 26-5458

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

TONY VON CARRUTHERS,                    )
                                        )
    Petitioner-Appellant,               )
                                        )
v.                                      )
                                        )
KENNETH NELSEN, Warden,                 )
                                        )
    Respondent-Appellee.                )
                                        )

```
                                 ┌──────────────────────────┐
                                 │         FILED            │
                                 │     May 21, 2026         │
                                 │ KELLY L. STEPHENS, Clerk │
                                 └──────────────────────────┘
```

O R D E R

Before:  READLER, MURPHY, and MATHIS, Circuit Judges.

**PER CURIAM.**  Tennessee capital prisoner Tony Carruthers is scheduled to be executed today at 10:00 a.m.  Carruthers asserts that his execution would violate the Eighth Amendment because he is not competent under *Ford v. Wainwright*, 477 U.S. 399 (1986), and its progeny.  Carruthers litigated his *Ford* claim in the state courts, with the Tennessee Supreme Court affirming the trial court's judgment that Carruthers was competent to be executed.  *State v. Carruthers*, No. W1997-00097-SC-DDT-DD, 2026 WL 1257769, at *1, *23 (Tenn. May 7, 2026) (per curiam).  Carruthers then filed a petition for a writ of habeas corpus and sought a stay of execution in the district court.  Yesterday, the district court denied Carruthers's request for a stay of execution, concluding that Carruthers had not shown a likelihood of success on his habeas claim.  Carruthers appeals and moves this court to stay his execution.  We deny Carruthers's motion to stay execution.

In 1996, a jury convicted Carruthers of three counts of first-degree murder and imposed a death sentence for each count.  *Carruthers v. Mays*, 889 F.3d 273, 276 (6th Cir. 2018).  We previously summarized the circumstances that led to the charges and convictions as follows:

No. 26-5434

- 2 -

> In February of 1994, Carruthers and an accomplice, James Montgomery, assaulted two men and a woman, robbed them, then buried the three alive. The victims' bodies were found buried in a cemetery in Memphis, Tennessee about a week after they had disappeared. The jury found that the aggravating circumstances surrounding Carruthers's crimes outweighed the mitigating circumstances beyond a reasonable doubt.

*Id.* at 276–77 (citation modified). Carruthers represented himself at trial.

To succeed on his motion to stay execution, Carruthers must show: (1) a likelihood of success on the merits of his appeal, (2) a likelihood he will suffer irreparable harm absent a stay, (3) the stay will not cause substantial harm to others, and (4) the stay would serve the public interest. *See Bedford v. Bobby*, 645 F.3d 372, 375 (6th Cir. 2011) (per curiam).

Carruthers has not shown a likelihood of success on his habeas claim. Because the Tennessee courts adjudicated the merits of his *Ford* claim, Carruthers is not entitled to relief unless he can show that the Tennessee Supreme Court's adjudication of his claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Carruthers argues that the Tennessee Supreme Court unreasonably applied *Ford* and its progeny, and that the court based its decision on an unreasonable determination of the facts. For the reasons set out in the district court's comprehensive order denying Carruthers's application for stay of execution, we disagree.

And "[a]though [Carruthers] will undeniably suffer irreparable harm, the other three factors weigh in favor of denying the stay." *In re Black*, 148 F.4th 375, 381 (6th Cir. 2025) (order). "Last-minute stays of executions should be the extreme exception, not the norm." *In re Hall*, 795

No. 26-5434

- 3 -

F. App'x 943, 946 (6th Cir. 2019) (order) (per curiam) (citation modified).  Carruthers has not

shown that his case is the extreme exception.

We **DENY** Carruthers's motion to stay execution.  Carruthers's motion to exceed the page

limit is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk