IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

TONY VON CARRUTHERS,           )
                               )
         Petitioner,           )
                               )
      v.                       )      No. 2-08-cv-2425
                               )
KENNETH NELSEN, Warden, Riverbend,  )    **CAPITAL CASE**
    Maximum Security Institute,  )
                               )
         Respondent.           )

---

## MOTION TO STAY AND ABEY PROCEEDINGS

---

1.   On May 21, 2026, the Tennessee Department of Correction attempted to execute Petitioner Tony Von Carruthers. Despite repeated efforts, executioners were unable to establish intravenous access consistent with the execution protocol.

2.   On May 21, 2026, Governor Bill Lee issued a reprieve to Mr. Carruthers, which prohibits his execution for one year.

3.   Pending before the Court is Mr. Carruthers's petition for a writ of habeas corpus raising a single claim of incompetency to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986) and its progeny.

4.   Under the governing law, an inmate's competency to be executed must be examined close in time to his execution. *Id.* at 429 (O'Connor, J. concurring) ("[U]ntil the very moment of execution the prisoner can claim that he has become insane sometime after the previous determination to the contrary."); *see also Van Tran v.*

1

*State*, 6 S.W.3d 257, 263 (Tenn. 1999) (holding competency-to-be-executed claims are "not considered ripe until execution is imminent").

5.    Mr. Carruthers's *Ford* claim, however, is also not mooted by the State's failed execution attempt. Rather, it has been placed on hold. Under Tennessee law, an inmate who has previously been declared competent to be executed may reinitiate competency proceedings if there has been a change in circumstances.

> If a prisoner is found to be competent, subsequent *Ford* claims will be disallowed unless the prisoner, by way of a motion for stay, provides this Court with an affidavit from a mental health professional showing that there has been a substantial change in the prisoner's mental health since the previous determination of competency was made and the showing is sufficient to raise a substantial question about the prisoner's competency to be executed.

*Van Tran*, 6 S.W.3d at 272.

6.    As was extensively discussed in Mr. Carruthers's petition and mentioned in the Court's ruling on Mr. Carruthers's application for a stay of execution, Mr. Carruthers has delusions that the State is merely threatening to execute him to extort him into forfeiting millions that Mr. Carruthers believes he is owed.

7.    The failed execution yesterday may well reinforce Mr. Carruthers's belief that the State does not intend to execute him.

8.    Regardless, Mr. Carruthers's execution is no longer imminent. In the coming months, Mr. Carruthers psychological condition may deteriorate and prompt additional competency litigation pursuant to state law when Mr. Carruthers again faces imminent execution. In such circumstances, this Court would have new evidence to consider and that evidence will have been presented to state courts, rendering it available for this Court's consideration in these federal habeas proceedings. Moreover, the prospect of new litigation in

2

state court will also cause a new adjudication by the state courts that will allow renewed federal review of the disposition.

9.    Under Tennessee law, moving to reopen the competency based upon new evidence is a continuation of the initial proceeding. *Van Tran*, 6 S.W.3d at 272. It is only logical for the federal court to do the same in the spirit of federalism and comity.

10.    In such an instance, this Court, of course, would not be writing on a blank slate. The extensive record in this case would necessarily inform future proceedings. It makes little sense to unnecessarily truncate proceedings that are so closely related.

11.    This Court possesses the authority to stay and abey proceedings to permit a federal habeas petitioner to exhaust claims in state court. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Such a stay is appropriate "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactic." *Id.* at 278.

12.    Here, it is beyond dispute that Mr. Carruthers did not engage in dilatory tactics. He promptly litigated his initial *Ford* claim once it became ripe by virtue of his execution date. The unusual events of May 21, 2026, were outside of his control. It was not until Mr. Carruthers's execution was delayed by the reprieve that the possibility of new state court competency litigation emerged. Under these unusual circumstances, staying and abeying federal proceedings is appropriate.

13.    In the alternative, Mr. Carruthers requests that the case be dismissed *without* prejudice to file a subsequent *Ford* claim based on new proceedings in the state courts.

14.    Undersigned counsel has communicated with counsel for Respondent who opposes this motion.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER FOR
THE MIDDLE DISTRICT OF
TENNESSEE
CAPITAL HABEAS UNIT


AMY D. HARWELL
Interim Chief, Capital Habeas Unit

MARSHALL A. JENSEN
SAMANTHA N. BARRY
Asst. Federal Public Defenders

164 Rosa L. Parks Blvd
Nashville, TN 37203
Phone:  (615) 736-5047
Fax:      (615) 736-5265
Email: Amy_Harwell@fd.org

BY: /s/ *Amy D. Harwell*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been served on counsel for Respondent, Assistant Attorneys General Sarah Stone and John Bledsoe, through the electronic CM/ECF system, on the 22nd day of May, 2026.

*/s/ Amy D. Harwell*