THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | | |
|---|---|---|
| TONY VON CARRUTHERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:08-CV-02425-TLP-cgc |
| | ) | |
| KENNETH NELSEN, Warden | ) | |
| | ) | CAPITAL CASE |
| Respondent. | ) | |

**RESPONDENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO
STAY AND ABEY FEDERAL HABEAS CORPUS PROCEEDINGS**

Respondent filed this response in opposition to Petitioner's motion to stay federal habeas corpus proceedings relating to his competency to be executed and hold them in abeyance until the State of Tennessee again sets his execution date after the expiration of the Governor's reprieve. (ECF No. 248). Respondent respectfully opposes the motion because the sole claim raised in the numerically second federal habeas petition challenging his competency to be executed has been rendered moot in light of the reprieve  For the reasons provided, the Court should deny Petitioner's motion to stay his second petition for a writ of habeas corpus.

**PROCEDURAL HISTORY**

In 1996, Carruthers was convicted on three counts of first-degree murder and sentenced to death. *State v. Carruthers,* 35 S.W.3d 516, 530 (2000). His convictions and sentences were affirmed on direct appeal. *Id.* at 572. He then unsuccessfully pursued state post-conviction and federal habeas relief. *See Carruthers v. State,* No. W2006-00376-CCA-R3-PC, 2007 WL 4355481, at *1 (Tenn. Crim. App. Dec. 12, 2007) (affirming denial of post-conviction relief),

1

*perm. app. denied* (Tenn. May 27, 2008); *Carruthers v. Mays,* 889 F.3d 273 (6th Cir. 2018) (affirming denial of habeas relief), *cert. denied, Carruthers v. Mays,* 586 U.S. 1146 (2019).

In September 2019, following the conclusion of federal habeas review, the State filed a motion to set Carruthers' execution date in the Tennessee Supreme Court. *State v. Carruthers*, ___ S.W.3d ___, No. 1997-00097-SC-DDT-DD, 2026 WL 1257769, at *7 n.6 (Tenn. May 7, 20206) (for publication). In his response, Carruthers alleged that he is presently incompetent to be executed. *Id.* at *7. On September 30, 2025, the Tennessee Supreme Court set Carruthers' execution for May 21, 2026, and remanded to the trial court for "competency proceedings ... in accordance with the timeliness and procedures established in *Van Tran*." *Id.*

Consistent with the Tennessee Supreme Court's order setting an execution date, Carruthers filed his competency petition on February 13, 2026. Upon finding that Carruthers met a threshold showing of incompetency, the trial court conducted a four-day evidentiary hearing on the petition, at which time Carruthers's and the State's respective retained experts testified, as did several other witnesses, including Carruthers himself. Thereafter, the trial court entered written findings of fact and conclusions of law denying the petition. (ECF No. 228-15, PageID 30958-79.) The Tennessee Supreme Court affirmed, concluding that Carruthers is competent to be executed. *Carruthers,* 2026 WL 1257769, at *20-*22.

On May 15, 2026, Petitioner filed a second habeas corpus petition, arguing that he is incompetent to be executed under the Eighth Amendment. (ECF No. 225). He also contemporaneously filed an application for stay of execution. (ECF No. 226). On May 20, 2026, this Court denied Petitioner's application for stay of execution on the grounds that he failed to demonstrate a likelihood of success on the merits of his petition and of his claim that he was incompetent to be executed. *Carruthers v. Nelsen*, No. 2:08-cv-02425, 2026 WL 1416635 (W.D.

2

Tenn. May 20, 2026).  The Sixth Circuit and the Supreme Court likewise declined to stay Petitioner's execution.  (ECF No. 246); *Carruthers v. Nelsen*, No. 25A1295, 2026 WL 1424521 (May 21, 2026).  On May 21, 2026, Governor Lee issued an executive order granting Petitioner a reprieve from execution through May 21, 2027.  (ECF No. 247-1.)

Following the issued reprieve, Petitioner motioned this Court to stay and abey proceedings relating to his second habeas petition challenging competency to be executed until he "again faces imminent execution."  With no further explanation, he predicts that he will somehow have new evidence not already presented to support his future claim in state-court competency proceedings. (ECF No. 248, PageID 33281.)  Respondent now submits the following response in opposition to Petitioner's motion to stay the proceedings and hold them in abeyance.

## ARGUMENT

**Petitioner's Asserted Competency-To-Be-Executed Claim Is Moot Because His Execution Is No Longer Imminent, and the Court Should Not Stay Proceedings On His Now-Moot Claim Due To Speculation About a New and Not-Yet-Ripe Incompetency Claim In the Future.**

Petitioner argues that the pending second habeas petition should be stayed and that his *Ford* claim has not been mooted by the issued reprieve.  (*Id.* at PageID 33280.)  With no supporting authority, he makes the curious argument that his federal claim has instead "been placed on hold." (*Id.*)  For this, Petitioner relies on state law that he asserts stands for the proposition that subsequent *Ford* claims can be raised (in state court) only upon a showing of "a substantial change in the prisoner's mental health since the previous determination of competency was made," sufficient enough to "raise a substantial question" about a petitioner's competency to be executed.  (*Id.*) (relying on *Van Tran v. State,* 6 S.W.3d 257, 272 (Tenn. 1999)).  But this state law and how the state courts generally treat successively-ripened competency claims—and likewise how that process might impact the federal habeas corpus review of a *Ford* claim raised by a capital petitioner after the state court's rejection of the claim in a successive competency proceeding—has no

3

bearing on the procedural posture of *this* petition and the *Ford* claim currently pending before this Court.

What is dispositive to this Court's analysis is whether the claim, as now asserted, presently satisfies the mootness and ripeness doctrines. It does not. Just as the Court dismissed Petitioner's competency-for-execution claim raised in his first petition as unripe, the Court should do the same here and dismiss the second petition, as opposed to staying and abeying proceedings. One cannot genuinely dispute that Petitioner's federal claim that he is incompetent for execution has become moot and is not ripe. More to the point, in light of the Governor's one-year reprieve, there is no longer a case or controversy under Article III, § 2, of the Constitution. The case-and-controversy requirement must exist throughout all stages of the proceedings. Which is to say, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemma,* 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990)). A "personal stake in the outcome" means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis,* 494 U.S. at 477. If there is no longer a case or controversy, the lawsuit will be moot.

Prior to the reprieve, Petitioner asserted a newly-ripened *Ford* claim, once execution was imminent. But with the one-year reprieve granted, that claim has since lost its ripeness, becoming moot. Petitioner no longer has a continued "personal stake in the outcome" of the pending habeas petition. *Id*. A *Ford* claim becomes ripe for review when execution is imminent. *Stewart v. Martinez-Villareal,* 523 U.S. 637, 644-45 (1998). This is because, under *Ford,* competency is to be evaluated close in time to the execution. *Ford,* 477 U.S. at 429. Thus, the Court is no longer called upon to determine whether Petitioner was incompetent to be executed as of May 21, 2026.

With the one-year reprieve in place and no subsequent execution set, Petitioner is no longer "threatened with" an "actual injury" "throughout the course of this litigation" as he must be in order for there to be a live case and controversy.  The one-year reprieve has rendered Petitioner's pending *Ford* claim no longer ripe for review, thus eliminating any live case or controversy. Without any threatened actual injury, there is nothing that could be redressed by a favorable decision as to his now-moot *Ford* claim.

Again, this is no different than when Petitioner raised a competency to be executed claim in his first petition.  This Court denied this claim precisely because the claim was not yet ripe for review.  (ECF No. 195, PageID 20208-09.)  The claim raised here should be treated no differently. With no execution date currently set, Petitioner's *Ford* claim is no longer ripe for review.  And his second petition is now moot, as it is now of no legal significance under *Ford* whether Petitioner was or was not competent for execution as of May 21, 2026.  For these reasons, the motion to stay and abey proceedings should be denied, and the petition should be dismissed as unripe.

Despite the above, Petitioner moves this Court to stay these proceedings and hold them in abeyance based on speculation that his "psychological condition may deteriorate and prompt additional competency litigation" once execution has been set again.  (*Id.* at PageID 33280.)  In his view, this justifies a stay-and-abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005).

But *Rhines* authorizes a stay-and-abeyance only under certain, limited circumstances in order to exhaust state-court remedies on a "claim" in a "mixed petition" raising both exhausted and unexhausted claims, in view of the potential that application of the "total exhaustion" requirement might result in a petition's untimely filing.  *Id*. at 275-78.  A mixed petition is defined as a federal habeas corpus petition containing both exhausted and unexhausted claims.  *Rose v.*

*Lundy,* 455 U.S. 509, 510 (1982). In view of the limited purpose of a *Rhines* stay, one is unavailable simply to exhaust "evidence." *Carter v. Mitchell*, 829 F.3d 455, 467 (6th Cir. 2016).

Petitioner's second habeas petition does not implicate the stay interests addressed in *Rhines*. This petition contains only one claim, a *Ford* claim, and it was exhausted in state court while ripe for review. Thus, the petition is not "mixed." With the petition's sole claim becoming moot and a future claim of incompetency-for-execution not yet ripened, *Rhines* does not afford a stay while awaiting the conceivable—but certainly not certain—future ripeness of a new competency claim. Just as *Rhines* may not justify a stay-and-abeyance to exhaust "evidence" in state court, it likewise provides no support to stay proceedings while awaiting ripeness at some point in the future, if ever.

But even if *Rhines* authorized a stay for ripeness in some context, no stay is appropriate here because any future ripeness remains too speculative. First, execution will not become imminent until the Tennessee Supreme Court sets a new execution date. *See* Tenn. Sup. Ct. R. 12. And the execution date must be after expiration of the Governor's one-year reprieve. Beyond the reprieve, there are no other time limitations on the Tennessee Supreme Court's setting of a new date. A future execution date thus remains unknown and unknowable. This alone is enough to render future ripeness too speculative for a stay and abeyance.

Second, it is also pure speculation that Petitioner will actually raise a new competency claim at some future date. Petitioner, through counsel, indicates that he may, based upon some new evidence that might be developed at a later time in state court. The record readily reflects that Petitioner has not cooperated with current counsel during his recent state and federal court competency proceedings, and he has consistently fought attempts by attorneys to raise competency-related claims on his behalf. *Carruthers*, 889 F.3d at 286-87. When recently

6

provided an opportunity during a four-day evidentiary hearing to establish Petitioner's incompetency for execution, his current counsel presented no credible evidence to counter his own view that he is not incompetent, as reflected in the trial court's and the Tennessee Supreme Court's rejections of his competency claim and by this Court's and the Sixth Circuit's findings of no likelihood of success on the competency claim. *Carruthers*, 2026 WL 1257769, *18-*23; *Carruthers*, 2026 WL 1416635, at *19-*24; (ECF No. 246). After his current counsel called him as a hearing witness—to his surprise and over his own objection—his testimony was then accredited by the trial court to show that he, in fact, has "a rational understanding of the relationship between the conviction and the impending execution." *Carruthers*, 2026 WL 1257769, at *19. The trial court expressly rejected the expert opinion testimony presented by Petitioner's current counsel because it "was not well reasoned, was speculative, and was based on inferences not fully supported by the record." *Id*.

Despite Petitioners' recent testimony clearly establishing his own competency, his current counsel may genuinely intend to raise a new competency claim in the future—or at least believe that they may possibly do so—should they remain as counsel for Petitioner if and when execution again becomes imminent. But they will be unable to do so without supportive proof. And in view of the overwhelming evidence of Petitioner's present competency, it is highly questionable that they could ever marshal the requisite proof even to plead a new competency claim, much less prove one. Vague indications that some new evidence might emerge at some future date and may then be presented to support a new competency claim is insufficient to remove this case from the realm of rank speculation. This further undermines any reliance on *Rhines* to stay and abey proceedings for ripeness on a future claim that may never emerge.

## CONCLUSION

For the aforementioned reasons, this Court should deny the motion to stay the habeas corpus proceedings and instead should dismiss the petition as unripe, just as the Court previously dismissed Petitioner's competency for execution claim in his first petition, as unripe. Petitioner's second habeas petition contains only an unripe *Ford* claim. The Governor's intervening one-year reprieve has mooted the petition. Granting a stay based on some possibility that the claim will become ripe again is simply not afforded by *Rhines*. Because the intervening one-year reprieve has mooted that claim, the petition should be dismissed just as this Court did in 2014.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

*/s/ Sarah J. Stone*
SARAH J. STONE
Assistant Attorney General
Federal Habeas Corpus Division
P.O. Box 20207
Nashville, Tennessee 37202
P: (615) 253-1967
B.P.R. No. 038824
Sarah.Stone@ag.tn.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing Notice was filed electronically on June 5, 2026.  A copy of this document has been sent by this Court's electronic case filing system to Counsel for Petitioner: Amy D. Harwell, Marshall A. Jensen, and Samantha N. Barry, Federal Public Defender Office, 164 Rosa L. Parks Blvd., Nashville, Tennessee, 37203.

*/s/ Sarah J. Stone*
SARAH J. STONE
Assistant Attorney General