**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| TONY VON CARRUTHERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:08-cv-02425-TLP-cgc |
| v. | ) | |
| | ) | |
| KENNETH NELSEN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION TO STAY AND ABEY PROCEEDINGS, DISMISSING PETITION AS MOOT AND FOR LACK OF SUBJECT MATTER JURISDICTION, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Before an execution scheduled for May 21, 2026, Petitioner Tony Carruthers petitioned for a writ of habeas corpus, raising the sole claim that he is incompetent to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986). (*See* ECF No. 225.) Petitioner also applied for a stay of execution (ECF No. 226), which the Court denied (*see* ECF No. 241). Then, on May 21, 2026, the Tennessee Department of Corrections officials failed to access a suitable peripheral vein to administer the lethal injection. (*See* ECF No. 243.) The Court denied an Emergency Motion to Stay Execution. (ECF No. 245.) At the same time, the Governor of the State of Tennessee granted Petitioner a reprieve from execution until May 21, 2027. (*See* ECF No. 247.)

Petitioner now moves to stay and abey his second in-time Petition for Writ of Habeas Corpus until after the reprieve has expired (ECF No. 248), and the Warden has responded in opposition to a stay (ECF No. 249).

Relying on *Van Tran v. State*, 6 S.W.3d 257, 272 (Tenn. 1999), Petitioner argues that the

*Ford* claim is not mooted by the State's failed execution attempt. He claims that later *Ford* claims may be allowed if: (1) Petitioner provides an affidavit from a mental health professional showing "a substantial change in the prisoner's mental health since the previous determination of competency"; and (2) "the showing is sufficient to raise a substantial question about the prisoner's competency to be executed." (*Id.* at PageID 33280.) Petitioner acknowledges that his execution is no longer imminent, and he contends that his psychological condition "may deteriorate" prompting additional competency litigation, new evidence, and a new state court adjudication. (*Id.* at PageID 33280–81.) Petitioner adds that the state courts would consider a new competency determination to be a continuation of the initial competency proceeding and asks this Court to treat his subsequent *Ford*-based claim in the same way by staying the instant petition until a new *Ford* claim becomes ripe for review. (*Id.* at PageID 33281.) Or Petitioner requests that the Court dismiss the instant Petition without prejudice to allow the filing of a later *Ford* claim. (*Id.* at PageID 33281.)

The Warden opposes the motion to stay and abey the Petition and asserts that the Petition is rendered moot by the Governor's reprieve. (*See* ECF No. 249.) The Warden contends that, "[w]ith no further explanation, [Petitioner] predicts that he will somehow have new evidence not already presented to support his future" state-court competency claim. (*Id.* at PageID 33286.) The Warden argues that Petitioner cites no authority for placing the federal *Ford* claim "on hold" and that the state procedure does not affect the procedural posture of this federal habeas petition. (*Id*. at PageID 33286–87.)

The Warden focuses on the doctrines of mootness and ripeness and argues that the instant *Ford* claim is moot and that, because of the reprieve, it is not ripe. (*Id.* at PageID 33287.) The Warden contends that: (1) the motion to stay and abey proceedings should be denied because it

does not implicate the stay interests addressed in *Rhines v. Weber*, 544 U.S. 269 (2005), concerning mixed petitions raising both exhausted and unexhausted claims and (2) the second-in-time Petition should be dismissed as no longer ripe for review. (*Id.* at PageID 33288–89.) The Warden further points out the speculative timing and nature of a future *Ford* claim because (1) Petitioner's execution will not become imminent until the Tennessee Supreme Court sets a new execution date, s*ee* Tenn. Sup. Ct. R. 12(3) –(4), and (2) Petitioner may not assert a new competency claim, given Petitioner's unwillingness to cooperate and help develop new evidence about his competency in the recent state court proceedings. (*See id.* at PageID 33289-90.)

## ANALYSIS

### I. The Motion for Stay and Abeyance

Petitioner relies on *Rhines* to argue that his case should be stayed. (*See* ECF No. 248 at PageID 33281.) In *Rhines*, 544 U.S. at 271-72, the Supreme Court held that district courts have "discretion to stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." *See McBride v. Skipper*, 76 F.4th 509, 513 (6th Cir. 2023). Stay and abeyance is limited to those circumstances where: (1) there is "good cause for the petitioner's failure to exhaust his claims first in state court"; (2) the unexhausted claims are not "plainly meritless"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

Petitioner's request for stay and abeyance is not based on an issue of exhaustion. The *Ford* claim in the Petition has been exhausted in the state court. Any future *Ford* claim based on a new execution date is a new claim. Therefore, stay and abeyance under *Rhines* is not appropriate. Nor is there a need to stay the instant Petition when a future *Ford* claim may be

presented when it becomes ripe. The Court therefore **DENIES** the Motion to Stay and Abey Proceedings.

## II. The *Ford* Petition

Federal courts can only decide "cases" or "controversies." *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (quoting U.S. Const., art. III, § 2). A case or controversy, at a minimum, requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citation omitted). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (internal quotation marks and citation omitted).

In *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007), the Supreme Court held that a petitioner's claim of incompetency to be executed because of his mental condition based on *Ford* is not a claim that must be brought in an initial habeas petition. *See Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1259–60 (11th Cir. 2009). That said, "courts do not entertain such challenges until execution is imminent given the possibility that an inmate's condition will deteriorate or improve prior to execution." *Middlebrooks v. Parker*, 15 F.4th 784, 796 (6th Cir. 2021).

In this second in-time Petition, Petitioner does not challenge his conviction. He challenges his competency to be executed. Because of the Governor's reprieve until at least May 2027, and because no execution date has been set, Petitioner is not threatened with an actual injury. His execution is not imminent. Further, Petitioner's anticipated future *Ford* claim has not yet become ripe and is premature. *Panetti*, 551 U.S. at 942–943.

Petitioner's second-in-time Petition based on the scheduled May 21, 2026, execution is now moot. Because there is no live case or controversy, the Court lacks jurisdiction under Article III to address this claim. *See Mokdad v. Sessions*, 876 F.3d 167, 170 (6th Cir. 2017) (the district court properly dismissed Mokdad's claim for lack of subject matter jurisdiction where there is no live case or controversy); *see California Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025); *see also* Fed. R. Civ. P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

The Court therefore **DISMISSES** the Petition for lack of subject matter jurisdiction.

## APPELLATE ISSUES

A petitioner is not always entitled to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). The Court has to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. *See* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A court may issue a COA only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must reveal the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). A petitioner makes a "substantial

showing" when he shows that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (holding a prisoner must show that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that the issues presented warrant encouragement to proceed).

The petitioner also does not have to show that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011) (same). Even so, courts should not issue a COA routinely. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

Without question, Petitioner's second-in-time Petition is moot and the Court lacks subject matter jurisdiction. Because any appeal by Petitioner on the issues raised in this Petition does not deserve attention, the Court **DENIES** a certificate of appealability.

And for the same reasons, the Court denies a certificate of appealability here and that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Fed. R. App. P. 24(a), that any appeal here would not be taken in good faith, and the Court **DENIES** leave to appeal in forma pauperis.[1]

---

[1]If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or move to proceed in forma pauperis with a supporting affidavit in the Sixth Circuit within 30 days of the entry of this order. *See* Fed. R. App. P. 24(a)(5).

**SO ORDERED**, this 8th day of September, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE